|  FILED |  RECEIVED |
|  ENTERED | SERVED ON |
| | COUNSEL/PARTIES OF RECORD |

**OCT 1 2 2017**

CLERK US DISTRICT COURT
DISTRICT OF NEVADA
BY:_____ DEPUTY

1   **NICOLAS R. DONATH, ESQ.**
Nevada Bar No. 13106
2   **N.R. DONATH & ASSOCIATES PLLC**
871 Coronado Center Dr., Suite 200
3   Henderson, Nevada 89052
(702) 460-0718
4   (702) 446-8063 Facsimile
5   Nick@nrdarelaw.com

6   *Attorneys for Plaintiffs*

7

8

9                    UNITED STATES DISTRICT COURT
                          DISTRICT OF NEVADA

10

11  THOMAS HILLERY, an individual, and as
    Guardian Ad Litem for MARY JANE
    HILLERY, an adult,
12
                        Plaintiffs,
13
                                                Case No.: 2:17-cv-2639
        vs.
14

15

16  SUN CITY ANTHEM COMMUNITY
    ASSOCIATION, INC.; DOE INDIVIDUALS          **COMPLAINT**
17  1 through 100; ROE BUSINESS ENTITIES
    1 through 25, inclusive,
18
                        Defendants.
19

20

21          COMES NOW Plaintiffs THOMAS HILLERY ("TOM") as an individual, and as

    GUARDIAN AD LITEM for MARY JANE HILLERY ("MARY JANE") (collectively,
22
    "Plaintiffs") by and through her attorney Nicolas R. Donath, Esq. of N.R. Donath & Associates
23

24

25                                   COMPLAINT

                                          1

*(left margin, vertical text)* N.R. DONATH & ASSOCIATES PLLC   871 CORONADO CENTER DRIVE, SUITE 200   HENDERSON, NEVADA 89052   PHONE (702) 460-0718

PLLC and complains against the SUN CITY ANTHEM COMMUNITY ASSOCIATION, INC. ("SCA" or "Defendant") as follows:

## JURISDICTION AND VENUE

1.      Plaintiffs brings this action under the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.* ("ADA"), the Fair Housing Act, 42 U.S.C. §3601. *et seq.*,  the Fair Housing Amendments Act of 1988, 42 U.S.C. §§ 3610-3614, 3614(a) ("FHA"), and Nevada state law.

2.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1331 because this civil action arises under the laws of the United States, as the ADA and FHA claims are federal laws presenting federal questions and 28 U.S.C. §1367 as supplemental jurisdiction over state law claims.

3.      Venue is appropriate in this judicial district because the events that gave rise to this Complaint occurred in Clark County, Nevada, located in this federal judicial district.

## PARTIES

4.      Plaintiffs are United States citizens and have resided at all times during the period in which the facts and circumstances giving rise to the allegations contained in this Complaint and continue to reside in a single family home in Sun City Anthem, Henderson, Nevada 89052 in Clark County ("Property").  Plaintiffs' residence is located within Defendant SCA.  The Property is held in a trust and both MARY JANE and TOM have a legal pecuniary interest and/or ownership in the Property.

5.      Plaintiff MARY JANE's interests are represented herein by her son TOM who has been duly appointed as her Guardian Ad Litem under NRS 12.050(3) by Eighth Judicial District Court Order (Clark County, Nevada) in case number G-17-048232-A for the purposes of this litigation.

6.      Defendant SCA is the homeowners association in which the Plaintiffs reside, located in Clark County in the city of Henderson, Nevada.  SCA is a Nevada corporation that, at all times

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-0718

1  relevant herein, operates and does business in the State of Nevada.  Upon information and belief,

2  SCA contains approximately 7,000 (seven thousand) homes.

3  7.      Defendant SCA maintains, manages and operates several facilities and common area

4  grounds ("SCA Facilities").  Among these facilities is Anthem Center ("Center"), a large multi-

5  purpose complex that houses a fitness center (gym, indoor track, lockers, indoor/outdoor pools and

6  spa), activities and meeting rooms (used at times, among other things, for Alcoholics Anonymous

7  meetings open to the public), library, public restaurant (with signage having read "open to public"),

8  and a ball room (used at times, among other things, as a polling place for voting).  Additionally,

9  events open to and advertised to the public include, but are not limited to, a HopeLink of Southern

10  Nevada event (2-28-15), a blood drive (6-29-15), an Art and Crafts Fair (4-8-17), Woofstock 2017

11  (4-23-17), musical performance by Kelly Clinton (8-15-17), other musical performances, the

12  Smith Region Celebration/Benz Bash (8-29-17), and a parking lot sale (9-16-17).  As such, the

13  Center and other SCA Facilities are places of public accommodation as defined in 42 U.S.C.

14  §12181(7), 28 C.F.R. §36.104 and under NRS 651.050.

15  8.      SCA is governed by its Board of Directors ("Board") who are responsible for most of the

16  decisions and actions about which the Plaintiffs herein complain.

17  9.      Defendants DOE INDIVIDUALS 1 through 100 are persons whose conduct gives rise to

18  this Complaint; these DOE individuals are persons who participated in the conduct alleged herein.

19  Specifically, the currently un-named DOE Defendants are those who may have caused or may

20  continue to cause acts of discrimination based upon MARY JANE's disability and other violations

21  of state and federal law herein alleged.  The Plaintiffs reserve the right to amend this Complaint to

22  name these individuals when their identities are ascertained.

23  10.     ROE BUSINESS ENTITIES 1-25 are business entities whose conduct gives rise to the

24  allegations contained in this Complaint.  Specifically, the currently un-named ROE Defendants

25

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-9718

1   are those who may have caused or may continue to cause acts of discrimination based upon MARY

2   JANE's disability and other violations of state and federal law herein alleged. The Plaintiffs

3   reserve the right to amend this Complaint to name these individuals when their identities are

4   ascertained.

5                                   **GENERAL ALLEGATIONS**

6   11.     SCA is governed by its Covenants, Conditions Restrictions ("CCRs") and Bylaws, which

7   impose contractual obligations upon SCA and its residents. Generally, SCA has a duty to provide

8   services and amenities for its residents and its residents have a duty to pay quarterly homeowners

9   association ("HOA") dues and adhere various rules and regulations.

10  12.     TOM and MARY JANE are paid and current on all their HOA duties and upon information

11  and believe prior to the events described herein have never an issue adhering to the CCRs.

12  13.     The Center contains a fitness area which is monitored by a separate controlled entrance

13  that is manned by one or two employees at almost all times to check resident activities cards.

14  14.     Located within the fitness area are the indoor/outdoor pools and spa (the "Aquatic

15  Facilities"), gym, indoor track, and locker rooms.

16  15.     Also within the Center there are meeting rooms, a restaurant, ball room, library, and many

17  public areas.

18  16.     MARY JANE, a former Lieutenant Colonel in the United State Army, is now 86 years old.

19  Sometime after her retirement, in March of 2008, MARY JANE and TOM moved to Henderson

20  and purchased a home in Sun City Anthem, primarily because of the wide-ranging and numerous

21  amenities the Center had to offer an active adult in her seventies.

22  17.     Until she was banned by SCA in 2016, MARY JANE's life revolved around her daily trips

23  to the Center. She made many friends and actively participated activities such as the Veterans

24

25

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-0718

                                         COMPLAINT
                                             4

1  Group, current events classes, Scrabble Club and birthday gatherings.  MARY JANE also availed
2  herself of the gym, aquatic facilities, lounge, and television.

3  18.    TOM is MARY JANE's only living relative.  On November 30, 2011, more than five and
4  one half years ago, MARY JANE signed and notarized a Nomination of Guardian, nominating
5  TOM to be her guardian of the person and/or estate should it ever become necessary.

6  19.    Years later, around 2014, MARY JANE became afflicted with a cognitive disability,
7  diagnosed as Early Senile Dementia ("ESD").  While ESD does not impact her physical abilities,
8  it tremendously diminishes her short term memory and she is largely unable to retain new
9  information.

10  20.    Sometime prior to January 28, 2016, MARY JANE became dehydrated in the spa at the
11  Aquatic Facilities, apparently because she had forgotten how long she was in the hot water.  A
12  member of the Center's staff called 911 and she was transported to the hospital emergency room.

13  21.    In a January 28, 2016 letter, Lori Martin, Community Association Manager of the Center
14  informed MARY JANE and TOM that MARY JANE was to be banned from all spas and pools
15  located in any SCA Facilities. This decision to deprive MARY JANE of a valuable property right
16  was made without notice as to what part of SCA's rules MARY JANE actually violated.  However,
17  at that time, MARY JANE was free to use the remainder of SCA's facilities and her activity card
18  was not suspended.

19  22.    Although the January 28, 2016 letter promised TOM and MARY JANE a hearing date to
20  be "set in the near future," none was held for MARY JANE.

21  23.    On March 1, 2016, Nav Sharda, MD ("Dr. Sharda"), MARY JANE's physician, examined
22  her and provided her a report.  In his report, Dr. Sharda stated that MARY JANE "has done very
23  well" since the dehydration, "has good overall health," and "there is no medical contra-indication
24  to restrict sauna or whirlpool activities."  Dr. Sharda did suggest MARY JANE be accompanied

25

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-0718

COMPLAINT

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-0718

1   by someone else when she used the Aquatic Facilities.  Additionally, Dr. Sharda has contended

2   that social interaction is vital to stemming the progression of MARY JANE's illness.  MARY

3   JANE provided Dr. Sharda's report to SCA.

4   24.      As of Dr. Sharda's March 1, 2016 report, SCA knew or should have known the nature of

5   MARY JANE's disability as it specifically states that MARY JANE suffers from Dementia

6   without behavioral disturbances.

7   25.      MARY JANE's ESD results in her total lack of ability to remember that she was banned

8   from using certain parts of the Center.  Therefore, SCA created a rule with which MARY JANE

9   was and is unable to comply.

10  26.      On or about March 16, 2016, SCA required MARY JANE to sign a document entitled

11  "Informed Consent, Release and Waiver" wherein MARY JANE and TOM willingly released

12  SCA from liability in conjunction with SCA's granting permission to MARY JANE to use the

13  SCA Facilities with a caregiver. At that time, SCA allowed MARY JANE to re-enter the Aquatic

14  Facilities with a caregiver.

15  27.      Requiring a caregiver to escort MARY JANE to the Center for her average visit of four

16  hours would impose an unaffordable cost on her that ranges from $15 to $25 per hour, or

17  approximately $60 to $100 per day, even if it were possible to schedule a caregiver for all the

18  different events and times MARY JANE likes to attend.

19  28.      Upon information and belief, sometime later in March or April of 2016, SCA terminated

20  the services of its outside management company and moved management functions in-house.

21  29.      On June 1, 2016, SCA's Community Standards Manager, Chris Wikoff, sent a letter to

22  TOM and MARY JANE claiming that MARY JANE has "been attempting to utilize the fitness

23  areas unsupervised."  The letter goes on to state that the staff "is repeatedly spending time

24  monitoring the activities of Mrs. Hillery in the fitness areas and trying to make sure Mrs. Hillery

25

COMPLAINT

1   is not in the pool area and/or in some area that would be unsafe for her." Therefore, without further
2   notice or hearing, the ban on the Aquatic Facilities suddenly expanded to contain the vague term
3   "some area" that would be unsafe for MARY JANE.

4   30.     Further, the June 1, 2016 letter stated there would be a hearing of the "Covenants
5   Committee" regarding MARY JANE on June 8, 2016.

6   31.     The June 1, 2016 letter gave TOM and MARY JANE woefully short notice of a June 8,
7   2016 hearing and therefore they were unable to attend.  However, on June 8, 2016, they learned
8   the result of the hearing, when the Community Standards Department sent an unsigned letter which
9   informed TOM and MARY JANE that MARY JANE's rights to use the fitness room and Aquatic
10  Facilities had been terminated – with or without a caregiver.  That letter cited NRS 116.3102 and
11  116.3103.  No reason had ever been given why MARY JANE could not use the non-aquatic
12  workout facilities which are also located in the fitness area.

13  32.     On June 23, 2016, TOM and MARY JANE properly appealed that decision to SCA's Board
14  of Directors (the "Board").

15  33.     In a June 27, 2016 letter, Board President Rex Weddle reinstated MARY JANE's rights to
16  use the fitness room and Aquatic Facilities subject to the limitation that she be supervised at all
17  times in all of SCA's facilities.  This meant that MARY JANE could not even attend her favorite
18  clubs and meetings.  She was not even allowed to watch television without supervision.

19  34.     However, the June 27, 2016 letter warned TOM and MARY JANE that should MARY
20  JANE attempt to use the fitness area and Aquatic Facilities unsupervised, the sanction would be
21  reinstated, and that fines and/or additional sanctions may be imposed.  The language of the letter
22  essentially requires a caregiver to "not leave [Mrs. Hillery's] side" – presumably including when
23  she takes a shower or uses the bathroom in the locker room.

24

25

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-4718

COMPLAINT

7

35.     MARY JANE and TOM attempted in good faith to provide MARY JANE with a caregiver so she could continue to visit the Center.  However, this was not a viable solution because, given the nature of MARY JANE's disability (she cannot remember that she is not permitted to go to the Center on her own), she would need to have a caregiver at home all of the time solely for the purpose of visiting the Center.  This would have been completely unaffordable for MARY JANE. Further, having a caregiver on duty full time at home simply to escort MARY JANE to the Center would be unnecessary because MARY JANE does not require a caregiver.

36.     Therefore, MARY JANE has been and continues to be punished as a direct result of her disability.  There is no evidence that supports the need for MARY JANE to have a caregiver by her side at all times in the non-aquatic parts of the Center or any other SCA facility.

37.     No explanation has ever been given to TOM and MARY JANE as to how MARY JANE's attempt(s) to access the fitness center as a result of her ESD affects the "health, safety and welfare of the community."

38.     On July 13, 2016, SCA sent TOM and MARY JANE a letter threatening to levy large fines "every seven days." In that letter, the Board angrily cited "eight different occasion[s] from July 1 to July 9, 2016, [MARY JANE] attempted to gain access to the SCA fitness and/or aquatic facilities without accompaniment."

39.     SCA continued to cite the emergency call from January of 2016 when MARY JANE became dehydrated in the spa in order to rely upon "health, safety and welfare" of the community as the reason they are excluding her from the Center.

40.     On July 28, 2016, the Board held another hearing regarding MARY JANE.

41.     On July 29, 2016, the Board issued its decision.  The Board levied a $250.00 fine, issued a 90-day suspension, and revoked both TOM's and MARY JANE's activities cards.  No reason has

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-0718

1   ever been given to TOM as to why he should ever have been deprived of any right or privilege as

2   an SCA dues-paying resident.

3   42.   According to this July 29, 2016 decision, Both TOM and MARY JANE were not only

4   banned from using any part of the Center, but from all SCA facilities; indoors and out, parks and

5   parking lots ("SCA Facilities").   Thus, the Board deprived TOM of his right to use the SCA

6   Facilities without proper notice and hearing.

7   43.   MARY JANE continued to be unable to comply with SCA's edict as a result of her

8   disability.

9   44.   On October 5, 2016, SCA sent TOM and MARY JANE another letter noticing an October

10   27, 2016 hearing, accusing her of defying their order "on numerous occasions" in September.   In

11   reality, upon information and belief, it was just three times.

12   45.   Since the original January 2016 incident in the spa, the staff have been informed of MARY

13   JANE's disability and her spa incident. As a result, SCA has successfully prevented MARY JANE

14   from using the Aquatic Facilities.   However, staff members have threatened MARY JANE and

15   TOM with calling the police should they enter the Center.

16   46.   On October 27, 2016, TOM and MARY JANE attended the Board's hearing with counsel.

17   47.   At the October 27, 2016 hearing, the Board doubled down on their hostility toward TOM

18   and MARY JANE.   At this time, the Board provided yet another new rational for banning MARY

19   JANE—by pointed out that one time MARY JANE could not find her car in the parking lot, which

20   imposed some type of contrived safety issue.

21   48.   Citing the ADA and FHA, MARY JANE's counsel stated that MARY JANE was due

22   reasonable accommodation.   MARY JANE's counsel stated that MARY JANE would accept a

23   permanent ban from the Aquatic Facilities, but the separate controlled entrance plus some

24   awareness by the staff was sufficient to keep MARY JANE from using the spa and that there was

25

COMPLAINT

9

1    no other danger. MARY JANE's counsel also stated that requiring MARY JANE to have a

2    caregiver by her side at all times, everywhere, and at the SCA Facilities, was an onerous,

3    unnecessary and unreasonable condition and imposition of costs – not an accommodation by SCA

4    in any way.

5    49.     On November 7, 2016, apparently deaf to the TOM and MARY JANE's pleas, SCA sent

6    TOM and MARY JANE a letter stating that they were adding *another* $250 fine and continuing

7    the ban and suspension of all SCA Facilities for both TOM and MARY JANE.

8    50.     Given that the SCA Board members are largely age-qualified residents and in addition to

9    some of their own statements in the hearing, upon information and belief, the Board is well aware

10   of the implications of ESD.  However, SCA continued to treat MARY JANE as if her disability

11   did not even exist by imposing fines based on actions she took as a result of her handicap.

12   51.     On November 21, 2016, counsel for TOM and MARY JANE wrote the Board and made a

13   formal request for minutes of all hearings, put SCA on notice that it could be found in violation of

14   federal law, pointed out that there was no legal or contractual ground for the Board to ban TOM,

15   put SCA on notice that TOM and MARY JANE have suffered significant financial hardship as a

16   result of SCA's actions, and made a formal proposal in writing to comply with SCA's CCRs to

17   reach mandatory mediation in front of the Real Estate Division.

18   52.     TOM and MARY JANE then made a written proposal to SCA to satisfy the CCR's

19   requirements to sign a complete waiver of liability in favor of SCA.  A reply was requested by

20   November 30, 2016.  SCA failed to respond until counsel for TOM and MARY JANE received a

21   letter dated December 16, 2016 from SCA's counsel John Leach Esq. which, in four pages, said

22   essentially nothing new.

23

24

25

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-4718

COMPLAINT

10

53.     On February 8, 2017, counsel for TOM and MARY JANE wrote back to SCA counsel to once again try to resolve the matter without litigation, citing case law to support the legal basis of TOM and MARY JANE's position.

54.     SCA's reply to MARY JANE's and TOM's counsel's letter on March 2, 2017, once again, offered no compromises or solutions.  Therefore, on March 9, 2017, counsel for TOM and MARY JANE put SCA on formal notice (by certified mail) that it would request a hearing at the Board's March 23, 2017 meeting and make one final proposal to SCA in an attempt to stave off litigation.

55.     In the meantime, the Center, as it does for every election, became a public polling place for the primary election in March of 2017.  TOM and MARY JANE, through counsel, made a special request to use the Center to exercise their right to vote.  After initially requiring that TOM and MARY JANE make an appointment to vote in order to be granted an exception to enter the Center, SCA, after some prodding by MARY JANE's and TOM's counsel, changed its mind and allowed them to vote at their convenience.

56.     TOM and MARY JANE, along with their counsel, attended the March 23, 2017 hearing to ask for reconsideration of the SCA Board's prior decisions.  In addition to the waiver of liability TOM and MARY JANE initially proposed, they added that they would agree that MARY JANE would no longer use the Aquatic Facilities, but asked the SCA Board to allow them back in the Center at large – again proposing reasonable accommodations.

57.     On March 29, 2017, SCA counsel informed TOM and MARY JANE of the Board's final decision.  SCA conditionally agreed to restore TOM's privileges and waive the fines *only if* no further violations occurred within six months, thereby continuing to attach MARY JANE's actions to TOM's rights and privileges.  The Board adamantly continued the ban on MARY JANE absent a fulltime caregiver.

COMPLAINT

11

58.     Upon information and belief, sometime in April of 2017, SCA placed signs inside the Center that limit a portion of the Center to members and guests.  The new signs read: "SCA residents and their guests only beyond this point."

59.     On June 16, 2017, TOM and MARY JANE through counsel began the ADR process with the Real Estate Division, serving the same on opposing counsel for SCA which was then the Clarkson Law Group.

60.     SCA, through new counsel, completed its ADR Respondent Form on or about July 14, 2017.  Subsequently, mediation was conducted on August 11, 2017, pursuant to the rules in the SCA CCRs and the State of Nevada Real Estate Division.

61.     At mediation, MARY JANE proposed a third reasonable accommodation (the first two accommodations were accepting ban from Aquatic Facilities only and/or signing a full iron clad waiver of liability); MARY JANE requested that SCA hire one or two attendants to assist those with similar disabilities so that they can locate meeting rooms and other facilities while they are in the Center.

62.     Not only did SCA not agree to any accommodation, but it informed MARY JANE and TOM that, in spite of the mediation rules, it participated in mediation with no authority to negotiate, but only had the power to waive accessed fees.

63.     Accommodating MARY JANE in any of the ways she has requested would neither place an undue burden on SCA, nor would it fundamentally alter the nature of SCA's business.  Additionally, accommodating MARY JANE for her handicap/disability in a number of ways would not pose a direct threat to SCA, its employees, or its members.

64.     Rather than act with decency, compassion and humanity, in a perplexing display of extraordinary callousness, SCA has discriminated against MARY JANE on numerous occasions based on her disability.  In more than one of SCA's Board meetings, members of the Board of

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NV 89052
PHONE (702) 460-0718

COMPLAINT

12

1 Directors accused MARY JANE of trying to "sneak into the gym area," referred to her rescue from

2 the Spa as "fishing her out," and berated her for leaving the room in one of her group meetings to

3 go to the bathroom and coming back and sitting in someone else's chair.

4 65.     SCA is a large age qualified community and, upon information and belief, it is probable

5 that MARY JANE's disability is not unique to SCA.

**CLAIMS FOR RELIEF**

**FIRST CLAIM**

(Discrimination based on disability under Federal Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*)

*Count One – as by Mary Jane Hillery*

10 66.     Plaintiffs re-allege the allegations contained in Paragraphs 1- 65 and incorporate them

11 herein.

12 67.     MARY JANE suffers from Dementia, a handicap as defined by 42 U.S.C. § 3602(h)(1-3)

13 because her major life activities of thinking, recalling and concentrating are significantly

14 diminished.

15 68.     MARY JANE resides in a home subject to the SCA homeowners association which is a

16 "dwelling" within the meaning of 42 U.S.C. § 3602(b).

17 69.     The Center provides SCA residents like MARY JANE with services and facilities

18 connected to such a dwelling and therefore SCA is prohibited from discriminating against MARY

19 JANE based on handicap or disability pursuant to 42 U.S.C. § 3604(f)(2)(A).

20 70.     By banning MARY JANE from the Center and other SCA facilities and property without

21 making reasonable accommodations, SCA has discriminated against MARY JANE based on her

22 handicap and disability as is defined in 42 U.S.C. § 3604(f)(3)(B) and in violation of the Federal

23 Fair Housing Act.

COMPLAINT

13

71.     The actions complained of constitute a continuing pattern and practice of repeated and continuing FHA violations in that the Defendant has engaged in a systematic and consistent pattern and practice of banning, fining, threatening cumulative fines, and establishing edicts and rules directed against MARY JANE with which, due to her handicap and disability, she is unable to comply, as a result of her handicap and disability, all in violation of 42 U.S.C. §§ 3601-3619.

72.     As a result of Defendant's wrongful conduct, MARY JANE has been injured by discriminatory housing practices by being denied full and equal access to the Center, and is therefore, an "aggrieved person" as defined by 42 U.S.C. as defined by 42 U.S.C. § 3602(i)(1).

73.     Defendant's conduct, as described above, was intentional, willful and taken in disregard for the rights of others.

74.     MARY JANE is entitled to any and all remedies available to her under law, including attorney's fees and costs.

**SECOND CLAIM**

(Discrimination based on disability under Federal Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*)

*Count Two – as by Mary Jane Hillery*

75.     Plaintiffs re-allege the allegations contained in Paragraphs 1- 74 and incorporate them herein.

76.     MARY JANE suffers from Dementia, a handicap as defined by 42 U.S.C. § 3602(h)(1-3) because her major life activities of thinking, recalling and concentrating are significantly diminished.

77.     MARY JANE resides in a home subject to the SCA homeowners association which is a "dwelling" within the meaning of 42 U.S.C. § 3602(b).

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-0718

COMPLAINT

14

78.    The Center provides SCA residents like the MARY JANE and TOM with services and facilities in connection with such a dwelling and therefore SCA is prohibited from discriminating against MARY JANE based on handicap or disability pursuant to 42 U.S.C. § 3604(f)(2)(A).

79.    By issuing edicts and fashioning rules with which MARY JANE cannot possibly comply as a result of her handicap and disability and subsequently fining MARY JANE when she entered the Center, SCA has discriminated against MARY JANE based on her handicap and disability as is defined in 42 U.S.C. § 3604(f)(3)(B) and in violation of the Federal Fair Housing Act.

80.    The actions complained of constitute a continuing pattern and practice of repeated and continuing FHA violations in that the Defendant has engaged in a systematic and consistent pattern and practice of banning, fining, threatening cumulative fines, and establishing edicts and rules directed against MARY JANE with which, due to her handicap and disability, she is unable to comply, as a result of her handicap and disability, all in violation of 42 U.S.C. §§ 3601-3619.

81.    As a result of Defendant's wrongful conduct, MARY JANE has been injured by discriminatory housing practices, and is therefore, an "aggrieved person" as defined by 42 U.S.C. as defined by 42 U.S.C. § 3602(i)(1).

82.    Defendant's conduct, as described above, was intentional, willful and taken in disregard for the rights of others.

83.    MARY JANE is entitled to any and all remedies available to her under law, including attorney's fees and costs, pursuant to 42 U.S.C. 3613(c)(2)  and 42 U.S.C. 3613(c)(1)(a), and/or any other applicable law.

/ / /

/ / /

/ / /

/ / /

N.R. DONATH & ASSOCIATES PLLC
871 COLORADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-0718

COMPLAINT

15

**THIRD CLAIM**

(Discrimination based on disability under Federal Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*)

*Count One – as by Thomas Hillery*

84.     Plaintiffs re-allege the allegations contained in Paragraphs 1- 83 and incorporate them herein.

85.     TOM is MARY JANE's son and, upon information and belief, only living relative.

86.     TOM resides with MARY JANE in their SCA residence.  TOM is designated under law to assist MARY JANE with her needs, financial and otherwise.

87.     MARY JANE has been discriminated based on handicap for Defendant's failure to reasonably accommodate her under the FHA as alleged in the First Claim of this Complaint.

88.     Therefore, Tom is a person "associated with" a person discriminated upon based on handicap pursuant to 42 U.S.C. § 3604(f)(2)(C).

89.     TOM is entitled to any and all remedies available to her under law, including attorney's fees and costs, pursuant to 42 U.S.C. 3613(c)(2)  and 42 U.S.C. 3613(c)(1)(a), and/or any other applicable law.

**FOURTH CLAIM**

(Discrimination based on disability under Federal Fair Housing Act, 42 U.S.C. §§ 3601 *et seq.*)

*Count Two – as by Thomas Hillery*

90.     Plaintiffs re-allege the allegations contained in Paragraphs 1- 89 and incorporate them herein.

91.     TOM is MARY JANE's son and, upon information and belief, only living relative.

92.     TOM resides with MARY JANE in their SCA residence.  TOM is designated under law to assist MARY JANE with her needs, financial and otherwise.

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-0718

COMPLAINT

93.     MARY JANE has been discriminated based on handicap for Defendant creation of discriminatory rules against her under the FHA as alleged in the Second Claim of this Complaint.

94.     Therefore, TOM is a person "associated with" a person discriminated upon based on handicap pursuant to 42 U.S.C. § 3604(f)(2)(C).

95.     TOM is entitled to any and all remedies available to her under law, including attorney's fees and costs, pursuant to 42 U.S.C. 3613(c)(2)  and 42 U.S.C. 3613(c)(1)(a), and/or any other applicable law.

### FIFTH CLAIM

(Violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*)

*Count One – as by Mary Jane Hillery*

96.     Plaintiffs re-allege the allegations contained in Paragraphs 1- 95 and incorporate them herein.

97.     The Center, outdoor common areas, parking lots, other recreational facilities, as well as all the recreational and other features appurtenant to the various public uses of the restaurant, meeting rooms, ball room, sales offices, public polling areas, and other areas open to public access, are operations which affect commerce, and therefore are "public accommodations" as defined by 42 U.S.C. § 12181(7).

98.     The Center and the common area facilities belonging to and/or operated by Defendant support many public functions and use very few effective barriers preventing the general public form entering facility, rather the general public is often invited to different events the Center, (presumably promoting marketing and sales efforts) and indicating SCA's purpose to operate a facility that benefits the community at large and their desire to make homes marketable primarily to members of the public who reach the age of 55.

COMPLAINT

17

99.     MARY JANE is a disabled person under 42 U.S.C. § 12102 because she suffers from Dementia which substantially limits her cognitive abilities, including the major life activities of thinking, short term memory and concentrating.

100.    SCA has banned MARY JANE from the use of all of its facilities, including but not limited to indoor and outdoor facilities, meeting rooms, event rooms, the ball room, the restaurant, the gym, the Aquatic Facilities and any other facility on SCA property because of her disability and is in violation of 42 U.S.C. §12182(a).

101.    As such, MARY JANE is not able to receive the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of SCA which is a place of public accommodation and violates 42 U.S.C. §12182(b)(1)(A)(i).

102.    MARY JANE does not require any accommodation to avail herself of many of the activities in which she used to freely participate, but nevertheless has offered to not use the Aquatic Facilities which were the site of her original medical issue, sign a complete waiver of liability, and has suggested SCA accommodate those people similarly situated by keeping an attendant on duty for the convenience of its cognitively impaired visitors.

103.    SCA has declined to provide a reasonable accommodation, only offering that MARY JANE can re-enter the facility with a "caregiver at her side at all times," a demeaning, cost prohibitive, and completely unnecessary condition – not concession.

104.    Defendant SCA actions as a representative of older persons occupying more than 7,000 homes have the effect of discriminating against certain people, including MARY JANE, with cognitive disabilities who would otherwise safely be able to avail themselves of the facilities for which they pay to enjoy.

105.    Because SCA continues to this date to ban MARY JANE due to her disability, the discrimination is ongoing and should be unaffected by any statute of limitations.

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 463-0718

COMPLAINT

18

106.    MARY JANE is an "aggrieved person" and this Court may grant such relief as it considers appropriate, pursuant to 42 U.S.C. § 12188(b)(2)(B), including temporary and permanent injunctive relief, and attorneys' fees and costs, as a result of Defendants' wrongful conduct.

**SIXTH CLAIM**

(Violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §12101, *et seq.*)

*Count Two – as by Mary Jane Hillery*

107.    Plaintiffs re-allege the allegations contained in Paragraphs 1- 106 and incorporate them herein.

108.    SCA has levied at least two fines on MARY JANE for violating its discriminatory ban against her use of the Center and other SCA Facilities.

109.    Because MARY JANE's disability prevents her from remembering that a ban even exists, the act of sanctioning her with fines her for unintentionally violating a ban she is unable to comply with is in itself a discriminatory act under the ADA.

110.    Because SCA continues to hold fines over MARY JANE's head due to her disability, the discrimination is ongoing and should be unaffected by any statute of limitations.

111.    MARY JANE is an "aggrieved person" and this Court may grant such relief as it considers appropriate, pursuant to 42 U.S.C. § 12188(b)(2)(B), including temporary and permanent injunctive relief, and attorneys' fees and costs, as a result of Defendants' wrongful conduct.

**SEVENTH CLAIM**

(Violation of Nevada Revised Statutes Chapter 651)

*As by Mary Jane Hillery*

112.    Plaintiffs re-allege the allegations contained in Paragraphs 1- 112 and incorporate them herein.

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-0718

COMPLAINT

19

113.    MARY JANE is disabled under NRS 651.050(1) because she suffers from a form of Dementia which is a mental impairment, there is a record of that impairment, and she is regarded as having that impairment.

114.    Defendant SCA is a place of public accommodation as defined in NRS 651.050(3)(l-o) because it owns and operates a senior citizen center, place of exercise or recreation, is a place to which the general public has been and is invited, and has establishments within its facilities (such as restaurants and meeting rooms) that hold themselves out as serving members of this public.

115.    MARY JANE is a person who is entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of Defendant SCA without discrimination based on disability pursuant to NRS 651.070.

116.    MARY JANE continues to be deprived of the use of the SCA facilities and amenities because of her disability, and still has fines outstanding should she, as a result of her disability, forget she has been banned and attempt to access the facility.  Therefore, SCA's violations of NRS Chapter 651 against MARY JANE are current and ongoing.

117.    SCA is liable to MARY JANE under NRS 651.090(1)(a) because it has withheld rights and privileges from MARY JANE secured by NRS 651.070, namely access to the Center, Aquatic Facilities, fitness area, and all other facilities, activities and amenities.

118.    Pursuant to NRS 651.090(2)(a), MARY JANE requests that this Court grant any equitable relief it deems appropriate, including permanent injunctive relief against Defendant SCA.

119.    In the actions complained of herein with its conscious disregard for MARY JANE's rights subjecting her to cruel and unjust hardship, SCA has acted with express and implied Oppression and Malice against MARY JANE and therefore is subject to paying punitive damages under Nevada State Law (NRS 42.005).

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-0718

COMPLAINT

20

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-0718

120.   Pursuant to NRS 651.090(2)(b), MARY JANE requests that this Court award her reasonable attorney's fees and costs should she prevail in this action.

**EIGHTH CLAIM**

(Nevada State Law – Breach of Contract)

*As by Mary Jane Hillery and Thomas Hillery*

121.   Plaintiffs re-allege the allegations contained in Paragraphs 1- 120 and incorporate them herein.

122.   Plaintiffs and Defendant have entered into valid contracts, namely the Covenants, Conditions Restrictions of the Sun City Anthem Community Association as well as the related Bylaws.

123.   Under these contracts, Plaintiffs are obligated to pay valuable consideration by the way of homeowners' association dues, and Defendant is obligated to provide certain services, including access to its facilities and services.

124.   Plaintiffs have continued to perform their obligations to pay homeowners' association dues at all times relevant herein.

125.   Defendant has breached the contract(s) by unreasonably denying Plaintiffs access to its facilities.

126.   As a result of Defendant's breach of contract, Plaintiffs have sustained financial damages, the exact amount to be determined at trial.

**NINTH CLAIM**

(Nevada State Law – Unjust Enrichment)

*As by Mary Jane Hillery and Thomas Hillery*

127.   Plaintiffs re-allege the allegations contained in Paragraphs 1- 126 and incorporate them herein.

COMPLAINT

21

128.   Defendant SCA has retained the Plaintiffs' regular payments of homeowners' association dues without providing the Plaintiffs the benefit of the services and facilities for which these dues pay.

129.   Therefore, Defendant has retained the money and property of the Plaintiffs against fundamental principles of justice, equity and good conscience.

130.   As a result of Defendant's unjust enrichment, Plaintiffs have sustained financial damages, the exact amount to be determined at trial.

**JURY TRIAL DEMAND**

Plaintiffs hereby demand a trial by jury.

**PRAYER FOR RELIEF**

WHEREFORE, for the foregoing reasons, Plaintiffs pray that this Court grant judgment in their favor, and against Defendant, as follows:

A.   Declare, pursuant to 28 U.S.C. § 2201, that Defendant's actions as complained of herein, violate the FHA, ADA, and the applicable regulations.

B.   Enjoin, pursuant to 42 U.S.C. § 3613(c)(1)(a), Defendant, its officers, directors, employees, agents, successors, assigns, and all other persons in active concert or participation with any of them, both temporarily during the pendency of this action, and permanently, from banning MARY JANE from SCA facilities wherein she is not a direct threat to any other person;

C.   Award such damages as would entirely compensate MARY JANE for her injuries suffered as a result of SCA's discriminatory housing practices and conduct pursuant to 42 U.S.C. § 3613(c)(1)(a);

D.   Award such damages as would entirely compensate TOM for his injuries suffered as a result of SCA's discriminatory housing practices and conduct pursuant to 42 U.S.C. § 3613(c)(1)(a);

N.R. DONATH & ASSOCIATES PLLC
871 CORONADO CENTER DRIVE, SUITE 200
HENDERSON, NEVADA 89052
PHONE (702) 460-0718

COMPLAINT

22

E.      Award such punitive damages against Defendant as is proper under law pursuant to 42 U.S.C. § 3613(c)(1)(a) and NRS 42.005 for discriminatory actions taken against MARY JANE and TOM;

F.      Award MARY JANE her costs and attorney's fees incurred herein, pursuant to 42 U.S.C. § 3613(c)(2);

G.      Award MARY JANE any other relief or remedy that this Court deems just and proper;

H.      Award TOM his costs and attorney's fees incurred herein, pursuant to 42 U.S.C. § 3613(c)(2); and

I.      Award TOM any other relief or remedy that this Court deems just and proper.

DATED this _____ 4th day of October, 2017.


Respectfully submitted:


N.R. DONATH & ASSOCIATES PLLC


By: _____
NICOLAS R. DONATH
Nevada Bar No. 13106
871 Coronado Center Dr., Suite 200
Henderson, Nevada 89052

*Attorney for Plaintiffs*

COMPLAINT

23