LIPSON NEILSON, P.C.
KALEB D. ANDERSON, ESQ. (BAR NO. 7582)
DAVID T. OCHOA, ESQ. (BAR NO. 10414)
9900 Covington Cross Drive, Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 - Telephone
(702) 382-1512 - Facsimile
kanderson@lipsonneilson.com
dochoa@lipsonneilson.com
*Attorneys for Sun City Anthem Community Association*

**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THOMAS HILLERY, an individual, and as Guardian Ad Litem for MARY JANE HILLERY, an adult,<br><br>Plaintiffs,<br><br>vs.<br><br>SUN CITY ANTHEM COMMUNITY ASSOCIATION, INC.; DOE INDIVIDUALS 1 through 100; ROE BUSINESS ENTITIES 1 through 25, inclusive<br><br>Defendants. | CASE NO.: 2:17-cv-02639-MMD-GWF<br><br>**STIPULATION AND ORDER TO STAY DISCOVERY PENDING FINAL RESOLUTION OF DEFENDANT'S MOTIONS TO STRIKE/DISMISS (ECF NO. 7, 9, 10)** |

COME NOW Plaintiffs and Defendant, through their counsel of record, and stipulate as follows:

1.    On October 12, 2017, Plaintiffs filed their complaint in the instant action.  ECF No. 3.  The Complaint has causes of action under Federal Fair Housing Act 42. U.S.C. §§ 3601 *et seq.*; Americans with Disabilities Act, 42 U.S.C. § 12101, *et Seq.*; Nevada Revised Statutes Chapter 651; Breach of Contract; and Unjust Enrichment.

2.    On November 8, 2017, Defendant filed a Motion to Strike, a Motion to Dismiss Claims Two and Four, and a Motion to Dismiss Claims Eight and Nine. ECF No. 7,

**Lipson Neilson, P.C.**
9900 Covington Cross Dr. Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 FAX: (702) 382-1512

**Lipson Neilson, P.C.**
9900 Covington Cross Dr. Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 FAX: (702) 382-1512

9, 10.   One Motion to Dismiss is for vagueness and alternatively seeks a more definite statement.  The Other Motion to Dismiss is based on subject matter jurisdiction.

3.      Briefing on Defendant's Motions to Strike/Dismiss is Complete.

4.      Parties have filed a Stipulated Discovery Plan and submitted initial disclosures.  Current Discovery Cut-Off Date is May 7, 2018.

5.      The Parties seek a stay of Discovery until after the Court rules on Defendant's Motions to Strike/Dismiss.

6.      Federal district courts have "wide discretion in controlling discovery." *Little City of Seattle*, 863 F.2d 61, 685 (9th Cir. 1988).

7.      To determine if a continued stay is appropriate, the Court considers (**1**) damage from the stay; (**2**) hardship or inequity that befalls one party more than the other; and (**3**) the orderly course of justice.  *See Dependable Highway Exp., Inc. v. Navigators Ins. Co.*, 498 F.3d 1059, 1066 (9th Cir. 2007) (setting forth factors).  Here, the factors support a stay of litigation.

8.      <u>Damage from Stay</u>:  Any damage from a temporary stay in this case will be minimal if balanced against the potential fees, costs, and time which would surely ensue in this matter if litigation were allowed to continue and claims were subsequently dismissed. Moreover, the Court will be relieved of expending further time and effort, which could include discovery motions related to claims that may be dismissed, until the Motions to Dismiss are resolved. Thus, a stay will benefit all parties involved herein.

9.      <u>Hardship or Inequity</u>:   There will be no significant hardship or inequity that befalls one party more than the other.  This relatively equal balance of equities results from the need for all parties to have finality and direct discovery efforts appropriately.   The parties agree that any hardship or inequity falling on any of them is outweighed by the benefits of a stay.

10.     <u>Orderly Course of Justice</u>: At the center of this case is a determination of whether the Defendant, had a duty to accommodate a disability in specific ways. While the

**Lipson Neilson, P.C.**
9900 Covington Cross Dr. Suite 120
Las Vegas, Nevada 89144
(702) 382-1500 FAX: (702) 382-1512

parties may disagree on the merits of the arguments in the Motion, they agree that the facts and law are set out in such a way that this Court can make a preliminary judgment as to their validity.  The parties believe a stay is warranted because they will be able to avoid the cost and expense of written discovery and depositions that may be irrelevant depending on the outcome of the Motions to Strike/Dismiss.  Further, the Court will be relieved of expending further time and effort considering any discovery-related motions or protective orders.

11.    The parties agree and request that all discovery deadlines in this case be stayed pending final resolution of the Motions to Strike/Dismiss.

12.    Any party may file a written motion to lift stay at any time if either party determines it appropriate.

DATED this 21st day of February, 2018

LIPSON NEILSON, P.C.

*/s/ David T. Ochoa*

By:_____
KALEB D. ANDERSON, ESQ.
(NV Bar No. 7582)
DAVID T. OCHOA, ESQ.
(NV Bar No. 10414)
9900 Covington Cross Drive, Suite 120
Las Vegas, NV 89144
*Attorneys for Sun City Anthem*
*Community Association*

DATED this 21st day of February, 2018

N.R. DONATH & ASSOCIATES PLLC

*/s/ Nicolas R. Donath*

By:_____
NICOLAS R. DONATH, ESQ.
(NV Bar No. 13106)
971 Coronado Center Dr., Suite 200
Henderson, NV 89052
*Attorneys for Plaintiffs*

**ORDER**

IT IS SO ORDERED

_____
UNITED STATES MAGISTRATE JUDGE

DATED:___2/22/2018_____

Page 3 of 3